IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 16-cr-00248-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. ERIC MICHAEL PEREZ,

     Defendant.
_____

**ORDER**
_____

     This matter is before the Court on the Motion for Sentence Reduction [Docket No. 50] filed by defendant Eric Michael Perez.[1]  On November 23, 2016, Mr. Perez pled guilty to one count of possession of a firearm and ammunition by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Docket No. 29 at 2; *see also* Docket No. 30 at 1.  The Court found the total offense level to be 23 and determined Mr. Perez's Criminal History Category to be V, which resulted in an imprisonment range of 84 to 105 months.  Docket No. 49 at 1.  On February 23, 2017, the Court sentenced Mr. Perez to 70 months imprisonment, departing below the guideline range under U.S.S.G. § 4A1.3(b).  Docket No. 46 at 2; *see also* Docket No. 49 at 2.  Mr. Perez is currently incarcerated at FCI Victorville, a medium security prison in California.  *See* Federal

_____

[1] Because Mr. Perez is proceeding pro se, the Court construes his filing liberally without serving as his advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  Mr. Perez's projected release date is July 5, 2025.  *Id.*

On March 25, 2024, Mr. Perez filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.  Docket No. 50.  On August 21, 2024, the government filed a response, arguing that Mr. Perez is not eligible for a sentence reduction under Amendment 821 because he was not a "zero-point offender" at the time of sentencing and that his sentencing guideline range is unaffected by Amendment 821.  Docket No. 53 at 1.

Generally, a federal court may not alter a term of imprisonment once it has been imposed.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2).  A court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses."  *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023).  Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)).  In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two.  *Id.*  In addition, a person with six or fewer criminal history points now receives no status points.  *Id.*  Amendment 821 applies retroactively.  *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Perez argues that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points.  Docket No. 50 at 1-3.  Mr. Perez maintains that he had eight criminal history points at sentencing, which would place him in Criminal History Category IV.  *Id.* at 1; *see* Sentencing Table, U.S.S.G. ch. 5, pt. A (2024).  Because the applicable offense level is 23, Mr. Perez asserts that the guideline range is

70 to 87 months imprisonment.  Docket No. 50 at 1.  The Court disagrees.  Mr. Perez receives nine criminal history points for offenses committed between 2011 and 2015.  *See* Docket No. 40 at 7-11; Docket No. 46 at 1.  Because Mr. Perez has nine criminal history points, he does not a qualify as a "zero-point offender" who would be eligible for a decrease of two offense levels.  *See United States v. Espinoza*, No. 21-cr-00250-WJM, 2024 WL 4108576, at *1 (D. Colo. Sept. 6, 2024) ("Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for 'Zero-Point Offenders.'").  However, Mr. Perez further received a two-level enhancement for committing the offense in this case while under a criminal justice sentence, which is affected by Amendment 821.  Docket No. 40 at 11; Docket No. 46 at 1.  Specifically, Mr. Perez's total criminal history points have changed from 11 to 10 through the retroactive application of Amendment 821.  The amendment modifies this two-level enhancement to a one-level enhancement, resulting in 10 total criminal history points.  Ten criminal history points places Mr. Perez in Criminal History Category V.  *See* Sentencing Table, U.S.S.G. ch. 5, pt. A (2016).  As such, Mr. Perez remains in Criminal History Category V, and, with offense level 23, his guideline range is 84 to 105 months imprisonment.  *Id.*  The Court sentenced Mr. Perez to 70 months imprisonment, which is below the guideline range.  Docket No. 46 at 2; *see also* Docket No. 48 at 2.  Accordingly, the Court finds that Amendment 821 does not affect Mr. Perez's sentence and Mr. Perez is not eligible for a reduction in his sentence.[2]

---

[2] To the extent that Mr. Perez moves for compassionate release based upon his "positive post-sentencing conduct," *see* Docket No. 50 at 2, the Court will deny Mr. Perez's motion for compassionate release because "rehabilitation alone could not constitute an extraordinary and compelling reason warranting release."  *United States v. Mata-Soto*, 861 F. App'x 251, 255 (10th Cir. 2021) (unpublished) ("Rehabilitation . . .

For the foregoing reasons, it is

**ORDERED** that the Motion for Reduction of Sentence [Docket No. 50] is

**DENIED**.

DATED April 15, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

alone shall not be considered an extraordinary and compelling reason.") (citing 28 U.S.C. § 994(t)).